**Frank G. Hall, Appellee, v. Albert A. Small, Appellant.**

**Gen. No. 26,661.**

JUDGMENT—*when properly rendered against defendant during absence of latter's attorney.* In an action of tort where plaintiff claimed the right to call defendant as a witness under section 33 of the Municipal Court Act (J. & A. ¶ 3345) but, upon being informed that defendant was not in court, presented evidence tending to sustain his claim, and the trial judge had reason to believe that defendant's counsel was simply trifling and attempting to hide defendant to deprive plaintiff of his right to examine him and then to produce him to testify in defense, he acted properly in rendering judgment for the amount of plaintiff's claim during the absence of defendant's attorney in search for his witnesses.

Appeal from the Municipal Court of Chicago; the Hon. JOHN A. SWANSON, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed June 13, 1921.

LOUIS I. GOTTLIEB and G. A. BURESH, for appellant.

CLARENCE E. NELSON, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

In an action of tort tried by the court plaintiff had judgment for $126.55, from which defendant appeals. The substance of plaintiff's claim was that while his automobile was in charge of defendant for repairs an employee of defendant ran the car on the street and negligently caused a collision, damaging plaintiff's automobile, for which defendant is liable.

Upon the trial plaintiff's counsel desired to examine defendant under section 33 of the Municipal Court Act (J. & A. ¶ 3345), but defendant's attorney said that defendant himself was not in court, although represented by counsel. The case proceeded to trial and plaintiff introduced testimony tending to support his claim and rested his case. The court then called for witnesses in defense and was informed by the attorney for defendant that defendant was not in the court room but was out in the hall. Attorney for plaintiff claimed the right, if the defendant was present, to call him under section 33. But defendant's counsel refused to permit this, saying that he was "not here bringing witnesses for somebody else."

Defendant's counsel seems to think that he need not produce the defendant upon the trial to permit an examination by plaintiff under section 33, but after plaintiff had closed his case could produce defendant to testify in defense. When the court called for witnesses in defense, defendant's attorney said he would go out of the court room to hunt for them and he left the court room for a period of two or three minutes. The court thereupon made a finding in favor of plaintiff for $126.55. Subsequently defendant's attorney returned, saying that he could now call his witnesses.

We think the trial judge had reason to believe that defendant's counsel was simply trifling in his attempt to hide defendant so as to deprive plaintiff of his right to examine him, and then to produce him to testify in

defense.   Defendant was either present or not present, and as he chose to absent himself from the trial he cannot now complain if the testimony on plaintiff's behalf is not contradicted.   The trial judge acted properly and the judgment is affirmed.

*Affirmed.*

HOLDOM, P. J., and DEVER, J., concur.